ROBERTO MELÉNDEZ PIÑERO Y OTROS, demandantes y recurridos, *v.* LEVITT & SONS OF P. R., INC., codemandada y peticionaria; JOSÉ MANUEL FAJAR Y OTROS, demandantes y recurridos, *v.* LEVITT & SONS OF P. R., INC., codemandada y peticionaria; JOSÉ LINO SOTO Y OTROS, demandantes y recurridos, *v.* LEVITT & SONS OF P. R., INC., codemandada y peticionaria.

*Número:* O-75-579      *Resuelto:* 28 de mayo de 1976

*O'Neill & Borges* y *Jorge Souss,* abogados de la peticionaria; *Juan T. Peñagarícano, Jr.,* abogado de los recurridos.

EL JUEZ ASOCIADO SEÑOR IRIZARRY YUNQUÉ emitió la opinión del Tribunal.

Están pendientes ante el Tribunal Superior, Sala de Bayamón, tres demandas consolidadas en que alrededor de 500 personas reclaman contra Levitt & Sons of P.R., Inc., aquí peticionaria, por alegados vicios de construcción de casas adquiridas por ellos y construidas por la peticionaria.[1] Cada demanda expone en causas de acción separadas lo que cada demandante reclama por el costo de reparación de su casa y en todas las causas de acción cada demandante reclama $5,000 por daños punitivos, $10,000 por daños morales, $100 por transportación de sus muebles y $40 mensuales por su almacenaje mientras duren las reparaciones, $500 para pago de renta de otra vivienda por ese tiempo, y $4,000 por depreciación. Las tres demandas fueron presentadas el 3 de enero de 1973 y el 8 y 20 de octubre de 1974, respectivamente, habiéndose enmendado desde entonces en por lo menos diez ocasiones para adicionar a otras personas como reclamantes.

El 14 de julio de 1975 la demandada formuló interrogatorios a cada demandante, contenidos en 15 pliegos con un total de 18 preguntas con sus correspondientes subdivisiones. El 15 de julio los demandantes objetaron los interrogatorios

---

[1] Otros aspectos de estos casos fueron objeto de opinión de este Tribunal recientemente en *Meléndez* v. *Levitt & Sons of P.R.,* 104 D.P.R. 797 (1976), a que nos remitimos.

mediante la alegación general de que son "opresivos e innecesarios", sin particularizar respecto de cada uno, y adujeron además que el tribunal había nombrado un comisionado especial y próximamente nombraría un ingeniero perito que examinara las casas. La peticionaria replicó oportunamente a dicha objeción insistiendo en que debían contestarse los interrogatorios. Como transcurrieran varios meses sin que el tribunal a quo proveyera sobre la cuestión, la peticionaria solicitó mediante sendos escritos que se ordenara su contestación. Finalmente, el tribunal, sin celebración de vista y sin exponer razones, dictó resolución el 6 de noviembre de 1975 en que declaró "no ha lugar" a los interrogatorios, negándose a reconsiderarla por resolución de 21 de noviembre de 1975 concebida en iguales términos.

La peticionaria ha recurrido ante nos en solicitud de *certiorari*. El 22 de enero de 1976 emitimos la siguiente resolución:

"Se concede a los demandantes recurridos un término de 20 días para que expongan las razones que a su juicio hubiere por las que no debamos expedir auto de *certiorari* para revisar y proveer lo que procediere respecto de la resolución del Tribunal recurrido de 6 de noviembre de 1975 que denegó moción de la parte aquí recurrente para que se ordenara a los demandantes contestar interrogatorios que le fueran formulados."

En *Girard Industries Corp.* v. *Tribunal Superior*, 103 D.P.R. 680 (1975), reiteramos nuestra condena de "toda resistencia sutil o abierta al franco descubrimiento de prueba." Y bastará una ojeada a las anotaciones de nuestra jurisprudencia que siguen a la Regla 30 de Procedimiento Civil que regula la materia de interrogatorios, en 32 L.P.R.A. Ap. II, para advertir nuestro interés en facilitar el uso de interrogatorios como parte de "un sistema liberal de descubrimiento de pruebas antes del juicio [que] facilita la tramitación de los pleitos y evita los inconvenientes, sorpresas e injusticias que surgen cuando las partes ignoran hasta el

día de la vista las cuestiones y los hechos que en realidad son objeto del litigio." *Sierra* v. *Tribunal Superior*, 81 D.P.R. 554, 560 (1959).

La Regla 23.2, que trata sobre deposiciones y a que remite la Regla 30 para determinar los asuntos a que pueden referirse los interrogatorios a las partes, establece como únicas limitaciones, las cuestiones privilegiadas y las no pertinentes a la controversia objeto del pleito. Ni siquiera es objetable un interrogatorio, bajo dicha Regla, porque el testimonio sea inadmisible en el juicio, si hay probabilidad razonable de que produzca el descubrimiento de prueba admisible.[2]

■ La Regla 30 de Procedimiento Civil no establece límite en cuanto al número de preguntas en un interrogatorio ni en cuanto al número de interrogatorios que puedan ser requeridos por una parte. Comentando la Regla 33 federal, originaria de la 30 nuestra, se dice en 8 Wright and Miller, *Federal Practice and Procedure*, Sec. 2168: "No hay limitación sobre el número de preguntas que puedan incluirse en un interrogatorio o el número de interrogatorios que pueden ser formulados. Al adoptarse inicialmente la Regla 33 en 1938 se dispuso que una parte no podría, sin permiso del tribunal, servir más de un pliego (*set*) de interrogatorios a ser contestado por una misma parte. Hubo además casos que bajo la regla original resolvieron que el número de interrogatorios debía ser rela-

---

[2] La Regla 23.2 dice:

"A menos que el tribunal ordene otra cosa de conformidad con lo dispuesto en las Reglas 27.2 ó 27.4, se podrá interrogar al deponente con relación a cualquier asunto, *no privilegiado*, que fuere pertinente a la cuestión envuelta en el pleito pendiente, ya sea relacionado con la reclamación o defensa de la parte que le interrogue, o con la reclamación o defensa de cualquier otra parte incluso la existencia, descripción, naturaleza, custodia, condición y lugar de radicación de cualesquiera libros, documentos u otros objetos tangibles y la identidad y paradero de personas que tengan conocimiento de hechos pertinentes. No constituirá fundamento de objeción el que el testimonio sea inadmisible en el juicio siempre que haya una probabilidad razonable de que el testimonio interesado producirá el descubrimiento de evidencia admisible."

tivamente pequeño y limitado a los hechos importantes de la controversia, aunque otros casos reconocieran que no debía haber una limitación numérica y que lo determinante debía ser si los interrogatorios eran razonables desde el punto de vista del caso en particular." (Traducción nuestra, paréntesis suplidos.) La cuestión quedó resuelta por la enmienda del 1948 que eliminó la limitación de un solo pliego de interrogatorios. Nuestra Regla 30 adoptó esta norma al señalar: "No se limitará el número de interrogatorios o de grupos de interrogatorios que pueden ser notificados, excepto según lo requiera la justicia para proteger a una parte de molestias, gastos innecesarios o situaciones embarazosas u opresivas."

Podríamos sintetizar diciendo que la única limitación al número de interrogatorios y al número de preguntas en cada interrogatorio es su razonabilidad, que ha de depender en todo caso de la naturaleza y complejidad de las cuestiones envueltas. Naturalmente, en la determinación sobre razonabilidad hemos de reconocer una amplia discreción al tribunal de instancia. *Concreto Mixto, Inc.* v. *Tribunal Superior*, 90 D.P.R. 567, 572 (1964); *Sierra* v. *Tribunal Superior*, supra, pág. 562, *cf. Autoridad de Fuentes Fluviales* v. *Corte*, 66 D.P.R. 844 (1947).

■ En resumen, las únicas limitaciones a los interrogatorios a las partes bajo la Regla 30 de Procedimiento Civil son, en cuanto a su asunto, que no sea privilegiado y que sea pertinente a la cuestión envuelta en el pleito y, en cuanto a su número y extensión, que no ocasionen molestias, gastos innecesarios o situaciones embarazosas u opresivas a la parte a quien van dirigidos, es decir, que no sean irrazonables. (³)

■ Las objeciones a los interrogatorios deben enmarcarse dentro de estas normas. Por otra parte, las objeciones

---

(³) Una limitación adicional que debe tenerse presente es la dispuesta por la Regla 34.6 de Procedimiento Civil, según enmendada por la Ley Núm. 143 de 23 de julio de 1974, que fija en 60 días el término para iniciar y utilizar los mecanismos de descubrimiento de prueba.

deben ser precisas y específicas. *Sierra* v. *Tribunal Superior*, supra, pág. 570. A este efecto se dice lo siguiente en 4A Moore, *Federal Practice*, Sec. 33.27, al comentar la Regla 33 de Procedimiento Civil Federal, de donde proviene nuestra Regla 30, con abundantes citas de jurisprudencia: ". . . Las objeciones deben ser lo suficientemente claras y específicas para que la corte pueda entender a base de qué se reclama que los interrogatorios son objetables. Objeciones generales, como la objeción de que los interrogatorios requerirán hacer labor de búsqueda y compilar datos, o que son irrazonablemente gravosos, opresivos, o enfadosos, o que procuran información que está tan fácilmente disponible a quien interroga como a la parte interrogada, o que causarían molestias, gastos y opresión a la parte objetante sin que sirvan algún propósito pertinente a la acción, o que son duplicativos de información ya obtenida mediante deposiciones, o que son irrelevantes e impertinentes, o que solicitan opiniones y conclusiones, son insuficientes." (Traducción nuestra.) Se señala más adelante: "La carga de la persuasión descansa en la parte objetante para demostrar que los interrogatorios no deben ser contestados—que la información que solicitan es privilegiada, no es relevante, o que en alguna forma no es asunto propio de un interrogatorio."

El hecho de que sean muchas las partes a quienes se dirijan los interrogatorios es una circunstancia a ser tomada en cuenta por el tribunal al determinar sobre su razonabilidad. Pero ese solo hecho no debe militar contra el principio de liberalidad en permitir el uso de interrogatorios como medio de descubrimiento de prueba. El interrogatorio bajo la Regla 30 es de hecho el método más barato de descubrimiento de prueba y su uso no debe ser desalentado.

La ventaja que significa para muchas personas que tienen reclamaciones comunes contra otra unirse como demandantes —ventaja que es cónsona con el principio de economía procesal—no debe convertirse en una desventaja para el que es

demandado si ha de limitarse por ese solo hecho su derecho a formular interrogatorios a quienes le demandan.

■ El hecho de que se hubiera nombrado un comisionado especial y que se proyectara nombrar un ingeniero perito del tribunal que examinara las casas no podría operar como remedio sustitutivo de los medios de descubrimiento de prueba y en particular del derecho a hacer uso de interrogatorios bajo la Regla 30 de Procedimiento Civil.

La función del comisionado especial es limitada. La Regla 41.2 de Procedimiento Civil es clara y terminante cuando dice, en su segundo párrafo: "La encomienda de un asunto a un comisionado en el Tribunal de Primera Instancia será la excepción y no la regla. No se encomendará el caso a un comisionado en ningún pleito, salvo cuando estuvieren envueltas cuestiones sobre cuentas, si no se demostrare la existencia de circunstancias excepcionales que lo requieran." Véanse Comentarios a la Regla 53(b) federal, de donde proviene nuestra Regla 41.2, en 9 Wright and Miller, *Federal Practice and Procedure*, Secs. 2603–2605 y 5A Moore, *Federal Practice*, Sec. 53.05. La interpretación que en el ámbito federal se ha dado a esta disposición es sumamente restrictiva. *La Buy* v. *Howes Leather Co.*, 77 S.Ct. 309, 352 U.S. 249, 1 L.Ed.2d 290 (1957); Kaufman, *Masters in The Federal Courts: Rule 53*, 58 Col. L. Rev. 452 (1958); *Masters and Magistrates in the Federal Courts*, comentario en 88 Harv. L. Rev. 779 (1974–75).

■ Este lenguaje limitativo de la Regla 41.2 es de aplicación a casos en que el tribunal dispone el nombramiento de un comisionado especial sin obtener previamente el consentimiento de las partes o por sobre sus objeciones. Nada en la ley impide que por estipulación de las partes se someta a un comisionado especial la determinación de cuestiones de hechos y aun de cuestiones de derecho que por su naturaleza puedan

ser resueltas por un árbitro. En uno u otro caso, sin embargo, la encomienda hecha al comisionado especial debe ser clara, y sus poderes deben quedar inequívocamente expresados en la orden o resolución que lo designa.

La Regla 41.3(⁴) establece aquellas facultades que pueden ser delegadas al comisionado. Resolver sobre objeciones a interrogatorios y supervisar procedimientos sobre descubrimiento de prueba están implícitas en dicha regla. Véanse *Trans World Airlines, Inc.* v. *Hughes,* 332 F.2d 602, 611 (2d Cir. 1964), *certiorari* denegado 85 S.Ct. 934, 380 U.S. 248; Weinstein, *Standing Masters to Supervise Discovery in the Southern District,* 23 F.R.D. 36 (1959); *MacAllister* v. *Guterma,* 263 F.2d 65, 70 (2d Cir. 1958). *Cf. Fisher* v. *Harris,* 61 F.R.D. 447, 449 (D.C. N.Y. 1973). No obstante, tal delegación debe aparecer claramente especificada. Más aún, el comisionado no podrá excederse en el uso de las facultades que le hayan sido conferidas aun si contare para ello con el consentimiento de las partes. El comisionado debe tener presente que él está para ayudar al tribunal; él no es el

---

(⁴) La Regla 41.3 dispone:

"La orden encomendando un asunto a un comisionado podrá especificar o limitar sus poderes y requerirle para que informe sobre determinadas cuestiones litigiosas solamente, o que haga determinados actos, o que solamente reciba prueba y transmita el récord de la misma, y podrá también fijar la fecha y lugar para empezar y terminar las vistas y para presentar su informe. Con sujeción a las especificaciones y limitaciones establecidas en la orden, el comisionado tendrá y ejercitará el poder de regular los procedimientos en toda vista celebrada ante él, y de realizar cualquier acto y tomar cualquier medida que fuere necesaria o adecuada para el cumplimiento eficiente de sus deberes bajo la orden. Podrá exigir que se produzca ante él cualquier prueba sobre todos los asuntos comprendidos en la encomienda, incluyendo la producción de todos los libros, papeles, comprobantes, documentos y escritos pertinentes. Podrá decidir sobre la admisibilidad de prueba, a menos que se disponga otra cosa en la orden de encomienda; tendrá la facultad de juramentar testigos y examinarlos y citar las partes en el pleito y examinarlas bajo juramento. Cuando una parte así lo requiera, el comisionado hará un récord de la prueba ofrecida y excluida del mismo modo y sujeto a las mismas limitaciones dispuestas en las Reglas de Evidencia."

tribunal. El rinde un informe; el juez es quien decide y dicta sentencia. Véase 5A Moore, *Federal Practice*, Sec. 53.06.

No surge del caso ante nos que se emitiera por el tribunal de instancia una resolución escrita sobre el nombramiento del comisionado contentiva de las facultades que le fueron conferidas. Su designación aparece de una minuta en que consta que a tal efecto hubo una estipulación de las partes. No consta que se autorizara al comisionado a entender en la supervisión de los medios de descubrimiento de prueba a ser utilizados por las partes, y específicamente que se le facultara para entender y decidir sobre objeciones a interrogatorios. Surge de los autos que el comisionado designado por el tribunal renunció al cargo. Bajo tales circunstancias no debió el tribunal limitarse a declarar sin lugar, sin más explicaciones, las reiteradas mociones para que proveyera sobre los interrogatorios formulados y sobre sus objeciones.

*Se expedirá el auto solicitado, se dejará sin efecto la resolución del tribunal de instancia de 6 de noviembre de 1975 y se dispondrá que por dicho tribunal, previa audiencia a las partes, se provea respecto de la procedencia de los interrogatorios y de las objeciones formuladas a ellos, sin perjuicio de que pueda encomendarse tal facultad al comisionado a ser designado en sustitución del renunciante si así lo estipularen las partes o lo considerare justificado el tribunal de instancia a base de las circunstancias especiales de este caso.*

El Juez Asociado Señor Martín no intervino.