Miranda De Hostos, Juez Ponente
TEXTO COMPLETO DE LA RESOLUCION
La peticionaria, Margarita Ramírez de Arellano, interesa que revoquemos una resolución del Tribunal de Primera Instancia, Sala de San Juan, la cual adoptó integramente la recomendación del Comisionado Especial, Genovevo Meléndez Carrucini, (Comisionado), sobre cierta solicitud de autorización de financiamiento que presentó el recurrido, Eduardo Ferrer Bolívar.
Inconforme con tal determinación acude ante nos la peticionaria, alegando como único error que incidió el tribunal de instancia al negarse a incorporar las medidas cautelares que ella solicitó.
Atendido el recurso, se deniega expedir el auto por los siguientes fundamentos.
I
Los hechos que dan lugar al presente recurso comenzaron cuando la peticionaria y el recurrido contrajeron matrimonio el 14 de julio de 1961. El 19 de diciembre de 1978, el vínculo matrimonial entre las partes se disolvió por divorcio. El 13 de marzo de 1979, las partes suscribieron unas estipulaciones liquidando la sociedad de gananciales que existía entre ellos. Posteriormente, el tribunal de instancia decretó la nulidad de las estipulaciones suscritas por haber sido producto de dolo grave, lo cual fue confirmado por el Tribunal Supremo.
Continuaron los procedimientos y el foro de instancia refirió el asunto a la consideración de un Comisionado. Mediante orden del 22 de abril del 1998, se le encomendó que evaluara una solicitud de autorización preparada por el recurrido el 15 de abril de 1998, para llevar a cabo el refinanciamiento de una deuda de las corporaciones Villa Marina Yacht Harbour Inc. (Villa Marina) y Top Suite Inc. (Top Suite).
El recurrido interesaba saldar ciertas deudas garantizadas con hipoteca que tenían Villa Marina y Top Suite con el Royal Bank of Canada (Royal Bank) y obtener fondos para realizar una serie de mejoras en la marina que opera en Villa Marina en Fajardo.
El Comisionado celebró vistas el 18 de mayo y el 29 de junio de 1998 a las cuales asistieron los abogados de las partes. En la primera de las vistas, el recurrido acordó con la peticionaria suplirle cierta información que ella necesitaba. Para la segunda de las vistas, ya la peticionaria había recibido sustancialmente la información requerida, pero solicitó al Comisionado más tiempo para evaluarla y formular una posición. Entre las reservas de la peticionaria se encontraban que el dinero que se recibiera se utilizara realmente para los propósitos informados y si las deudas a liquidarse realmente tenían los balances indicados.
En cuanto a la liquidación de las deudas, los desembolsos del banco que haría el préstamo, First Bank of Puerto Rico (First Bank), serían directamente a las instituciones acreedoras, por lo que el dinero no pasaría al control del recurrido. En cuanto a las mejoras, First Bank tenía su propio sistema *734 de control para asegurar que el dinero del préstamo para las mejoras en la marina sería usado para ese propósito.
Un representante del banco evaluó la documentación, hizo una inspección ocular en la marina y luego emitió una recomendación favorable a la transacción. El recurrido suplió a la peticionaria los documentos que se le sometieron al banco y el informe favorable que éste emitió.
El Comisionado, luego de un análisis cuidadoso de la información sometida por ambas partes y después de analizar las reservas expresadas por la peticionaria, resolvió que el refinanciamiento solicitado por el recurrido no sólo era viable sino conveniente. Señaló que la preocupación de la peticionaria sobre si el dinero producto de la transacción sería utilizado para el fin descrito, aunque legítima, estaba debidamente protegida con las medidas exigidas por el banco.
En cuanto a la liquidación de las deudas con el Royal Bank, los cheques serían emitidos directamente a las instituciones acreedoras, por lo cual los fondos no quedarían bajo el control del recurrido. Se recomendaba como medida adicional que el recurrido notificara a la peticionaria con copia de todos los informes y documentos que sometiera a First Bank.
Finalmente, el Comisionado solicitó del tribunal que aprobara sus recomendaciones el mismo día 30 de junio de 1998, pues varios de los términos del financiamiento y los acuerdos para liquidar las contribuciones adeudadas con el beneficio de descuentos sustanciales estaban garantizados sólo hasta ese día. El 9 de julio de 1998, el tribunal de instancia adoptó íntegramente las recomendaciones del Comisionado y de ésta, se solicita revisión.
II
A la luz de los hechos antes esbozados, analicemos el derecho aplicable a la controversia planteada.
Se alega como único error que, incidió el tribunal de instancia al negarse a incorporar las medidas cautelares solicitadas por la peticionaria a la recomendación ofrecida por el Comisionado.
El error no fue cometido. Veamos porqué.
La Regla 41 de Procedimiento Civil, dispone que el tribunal, en determinadas circunstancias sobre materias especializadas, puede nombrar comisionados especiales para realizar ciertas encomiendas. Estas deben ser claras y estar expresadas en la resolución en la cual se designa al comisionado. 32 L.P.R.A. Ap. III; Meléndez v. Levitt & Sons ofP.R., 104 D.P.R. 895, 903 (1976).
Se le ha reconocido amplia discreción a los comisionados para reglamentar los procedimientos en las vistas que presidan, incluyendo sobre la admisibilidad de prueba. Las partes siempre pueden solicitar remedios al tribunal si entienden que el comisionado abusó de su discreción, pero el foro judicial sólo intervendrá cuando sea patente la equivocación del comisionado o el abuso de discreción. Levy v. Aut. de Edificios Públicos, opinión de 15 de marzo de 1994, 94 J.T.S. 32, pág. 11632; Cuevas Segarra, José A., Práctica Procesal Puertorriqueña, Procedimiento Civil, Publicaciones J.T.S., 1985, págs. 219-220.
Los informes de los comisionados no necesariamente son finales. El tribunal después de oír a las partes, puede adoptar, modificar o incluso rechazar el informe, recibir evidencia adicional y devolverlo con instrucciones. Lo más importante es que el juez retenga siempre su discreción para referir o no ciertos asuntos, que retenga la facultad de adoptar o rechazar recomendaciones y que tome a fin de cuentas la decisión final. Regla 41.5b de Procedimiento Civil, 32 L.P.R.A. Ap. III; Vélez Ruiz v. ELA, 111 D.P.R. 752, 757-759 (1981).
III
Analicemos los hechos conforme la norma jurídica comentada.
El Comisionado consideró todas las alegaciones que tenía la peticionaria en particular que el dinero fuera utilizado para los propósitos de pagar las deudas y hacer las mejoras. Los intereses de las partes están debidamente protegidos a través de los mecanismos del banco que ofrecerá el financiamento; *735 inclusive, el recurrido no tendrá control del dinero pues los pagos para las deudas y las mejoras se harán directamente. Se proveyó como medida adicional, el ordenarle al recurrido suministrarle a la peticionaria toda la documentación que el banco le solicitara.
Ante la urgencia y la conveniencia de dicho refinanciamiento y en ausencia de arbitrariedad en la determinación del Comisionado, no erró el foro recurrido al adoptar íntegramente sus recomendaciones. Por lo tanto, no se ha justificado razón alguna para variar su dictamen.
IV
Por los anteriores fundamentos, se deniega expedir el auto solicitado.
Lo acordó y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General