Miranda De Hostos, Juez Ponente
*754 TEXTO COMPLETO DE LA SENTENCIA
Mediante recursos separados, Helga Marette Claudio y José Colón Montañez, apelan una sentencia parcial del Tribunal de Primera Instancia, Sala de San Juan, en un procedimiento de liquidación de sociedad de gananciales entre dichas partes. En la misma se determinó, que el negocio conocido como Joyfe Medical Corp. (Joyfe), era en un 50% propiedad ganancial y en un 50% privativo de la Sucesión de Fedora Montañez Cáceres, y que el negocio conocido como Cosas de Casas, era propiedad privativa exclusiva de Helga Marette Claudio.
Inconforme con la determinación del tribunal de instancia, la apelante Marette Claudio, acude ante nos en el recurso Núm. KLAN-98-00454, señalando que erró el foro apelado al no tomar en consideración ciertos hechos sobre el control y dominio de Joyfe y determinar que era una propiedad, 50% ganancial y 50% propiedad de la Sucesión Montañez Cáceres.
De otra parte, el apelante José Colón Montañez, inconforme también con la decisión del foro de instancia, acude ante nos mediante el recurso Núm. KLAN-98-00484, señalando la comisión de varios errores que se resumen a: primero, que erró el tribunal de instancia al rechazar ciertas determinaciones de hecho y conclusiones de derecho que hizo el Comisionado asignado al presente caso; segundo, al determinar que el negocio, Cosas de Casas era un bien privativo de la señora Marette Claudio; y tercero, al determinar que el Comisionado se excedió en cuanto a las facultades que le fueron delegadas.
Examinados los recursos presentados, procedemos a consolidarlos y confirmar la sentencia apelada, por los siguientes fundamentos.
I
Los hechos tienen su génesis el 3 de enero de 1969, cuando las partes antes mencionadas contrajeron nupcias. Posteriormente se separaron y el 6 de abril de 1994, se emitió la sentencia de divorcio,'la cual fue días después enmedada. Dicha sentencia enmendada, declaró roto y disuelto el vínculo matrimonial por la causal de separación, renunciando las partes al término apelativo, por lo que la sentencia advino final y firme.
La señora, Helga Marette Claudio, era estudiante universitaria cuando contrajo matrimonio. Estando casada, completó su bachillerato, además tomó cursos en diseño y decoración de interiores y se licenció de decoradora.
Durante los primeros años de su vida matrimonial, no trabajó fuera del hogar y se dedicó a las tareas domésticas y a la crianza de los hijos habidos en el matrimonio con José Colón Montañez. Ocasionalmente realizaba encargos de manualidades, fue maestra de arte y trabajó en la-tienda Los Muchachos desde 1983 hasta 1986. Posteriormente ejerció como diseñadora y decoradora de interiores desde fines de 1990 hasta principios de 1993, cuando dejó de ejercer su profesión debido a un estado de depresión que sufrió. En abril de 1994, aprendió tapicería y confección de cortinas en un taller de unas amistades suyas y para esa fecha estableció un taller de costura y confección de tapizados, cortinas y colchas bajo el nombre de Cosas de Casas.
Por su parte, José Colón Moantañez, cuando contrajo nupcias, se desempeñaba como "merchandiser" de una compañía cervecera. Aunque obtuvo un Bachillerato en Ciencias y estudió un semestre en la Escuela de Odontología, se dedicó mayormente a la venta de productos de consumo, equipos industriales y productos médico quirúrgicos de varias empresas.
Desde 1975 hasta 1980, trabajó como representante de una compañía fabricante de equipos médico quirúrgicos conocida como Zimmer USA Inc. (Zimmer). Posteriormente, Zimmer relevó al apelante de su trabajo como representante mediante un acuerdo extrajudicial a través del cual le pagó $50,000.00.
El dinero recibido por el acuerdo con Zimmer, se invirtió en un certificado de depósito, con cuyos intereses cubrían los gastos del hogar. Para el 1982, las partes otorgaron el pronto pago para establecer su residencia conyugal, utilizando parte del dinero del certificado de depósito.
*755 Aproximadamente para el 1981, José Colón Montañez comenzó a trabajar para Joyfe, una corporación doméstica con fines de lucro que se organizó el 21 de marzo de 1977. Los incorporadores de esta empresa fueron José Colón Montañez, su madre Fedora Montañez Cáceres y su hermano Oscar Colón Montañez. La oficina principal de la corporación estaba ubicada en la residencia de Fedora Montañez Cáceres, quien se designó como agente residente y quien además, pagó los derechos de registro en el Departamento de Estado.
El propósito de la compañía era la representación directa de fabricantes de productos médicos y paramédicos para suplir los hospitales y otras entidades relacionadas con la salud. Desde agosto de 1979, Joyfe había hecho ventas de los productos de la compañía DePuy. En esta etapa, José Colón Montañez comenzó a trabajar con Joyfe para desarrollar la nueva línea de productos médico quirúrgicos de dicha compañía. Durante un tiempo éste no cobraba salario, aunque la compañía pagaba sus gastos, pero desde el 1984 en adelante, sus ingresos comenzaron a derivarse exclusivamente de Joyfe.
De los tres incorporadores de la compañía, el único que se dedicó a la venta de los productos representados por Joyfe fue José Colón Montañez, quien también se encargó de los negocios de la corporación, incluyendo el contacto directo con los clientes desde 1981 hasta 1992. A partir de ese año, Joyfe contrató otro vendedor y José Colón Montañez se desempeñó sólo en funciones gerenciales.
La corporación Joyfe nunca ha emitido acciones de capital, no ha realizado reuniones de accionistas, no ha declarado dividendos, pero paga la hipoteca de su oficina que está inscrita a nombre de José Colón Montañez y Helga Marette Claudio y los gastos de mantenimiento. Cabe señalar que, Helga Marette Claudio apareció por primera vez en los documentos oficiales de Joyfe en 1986, figurando como secretaria de la corporación en el Informe de Corporaciones de ese año.
Para principios de 1988, Joyfe enmendó su certificado de incorporación para añadir a sus propósitos, el arrendamiento de propiedad mueble y se designó a José Colón Montañez como agente residente de Joyfe, a cargo de su oficina principal. Tanto la enmienda a los propósitos de la corporación, como la designación como agente residente, fueron firmadas por José Colón Montañez y Helga Marette Claudio como presidente y secretaria de Joyfe, respectivamente.
Luego del dictamen de divorcio, Helga Marette Claudio presentó ante el tribunal de instancia una acción sobre liquidación de bienes gananciales. El tribunal de instancia, con la anuencia de las partes, designó un Comisionado, con la encomienda de valorar y determinar los derechos de las partes en los negocios de Joyfe y Cosas de Casas. Una vez realizada la valoración, tenía que actuar como contador partidor para determinar la participación de cada parte en la sociedad de bienes gananciales y recomendar la forma en que se adjudicaría dicha participación.
El Comisionado preparó un proyecto de informe y lo notificó a las partes para sus comentarios y objeciones. Sobre dicho informe, Helga Marette Claudio presentó sus comentarios, no así José Colón Montañez. El Comisionado entonces, le envió el informe al tribunal de instancia y éste dictó una orden concediéndole un plazo a las partes para que emitieran nuevos comentarios y objeciones. En esta ocasión, Helga Marette Claudio, presentó sus objeciones las cuales fueron replicadas por José Colón Montañez.
El foro apelado celebró una vista para discutir las objeciones al informe del Comisionado y se lo devolvió a éste. El Comisionado sometió su informe nuevamente, luego de haber considerado las objeciones presentadas por las partes y el tribunal de instancia concedió un plazo a las partes para reaccionar al mismo.
Finalmente, el tribunal de instancia dictó sentencia parcial acogiendo algunas partes del mencionado informe, determinando el porciento de adjudicación de las partes sobre los negocios en controversia. Inconformes las partes con la determinación, acuden ante nos con sendos recursos de apelación.
II
Recurso de Apelación Núm. KLAN-98-00454
*756 -A-
La apelante, Helga Marette Claudio, en desacuerdo con el dictamen de instancia presentó ante nos recurso de apelación en donde alega, que erró el foro de instancia al no tomar en consideración ciertos hechos sobre el control y dominio de Joyfe y determinar que era una propiedad, 50% ganancial y 50% propiedad de la Sucesión Fedora Montañez Cáceres.
No le asiste la razón. Veamos porqué.
Constituye doctrina ampliamente reconocida, que un tribunal apelativo no intervendrá con las determinaciones que haga el tribunal de instancia en ausencia de pasión, prejuicio, parcialidad o error manifiesto. Oliveras v. Universal Insurance Company, opinión del 7 de noviembre de 1996, 96 J.T.S. 145, pág. 298; Stokes v. Serrano Lecaroz y otros, opinión del 24 de abril de 1998, 98 J.T.S. 48, pág. 850.
En el presente caso, las determinaciones del tribunal de instancia estuvieron ampliamente sustentadas con la evidencia presentada y fue correcta la determinación del foro apelado de que Joyfe era una corporación mixta.
La señora Helga Marette Claudio, figuró como secretaria de Joyfe en el Informe de Corporaciones de dicha entidad para 1986. No obstante, no estaba en los documentos de dicha corporación anteriores a ese año y tampoco se desprende de la evidencia que hubiera trabajado en dicho período para la entidad.
Por su parte, la madre de José Colón Montañez fue una de las incorporadoras de Joyfe y fue designada como su agente residente, además de que su casa constituyó por un tiempo las oficinas principales de la organización.
Concluimos por lo tanto, que no fue irrazonable que se determinara que Joyfe era una entidad mixta, 50% ganancial y 50% propiedad de la Sucesión Fedora Montañez Cáceres, por lo que no variaremos dicho dictamen y procede ser confirmado sobre tales extremos.
III
Recurso de Apelación Núm. KLAN-98-00484
-A-
El apelante José Colón Montañez señaló que, erró el tribunal de instancia al rechazar ciertas determinaciones de hecho y conclusiones de derecho que hizo el Comisionado.
Este primer error alegado no fue cometido.
La Regla 41 de Procedimiento Civil, dispone que, el tribunal puede nombrar un comisionado especial como excepción, para realizar ciertas encomiendas donde estén envueltas cuentas y cómputos difíciles o casos técnicos que requieran de conocimiento pericial. Las encomiendas asignadas deben ser claras y estar expresadas en la resolución en la cual se designa al comisionado. 32 L.P.R.A. Ap. III; Meléndez v. Levitt & Sons of P.R., 104 D.P.R. 895, 903 (1976).
Los informes de los comisionados no son necesariamente finales y el tribunal después de oír a las partes, puede adoptar, modificar o incluso rechazar el informe y recibir evidencia adicional y devolverlo con instrucciones específicas para que sea evaluado nuevamente. Regla 41.5(b), supra, 32 L.P.R.A. Ap. III.
Lo más importante es que, el tribunal retenga siempre su discreción para referir o no ciertos asuntos, que retenga la facultad de adoptar o rechazar recomendaciones, y en fin, que se reserve la autoridad de emitir la decisión final. Vélez Ruiz v. ELA, 111 D.P.R. 752, 759 (1981).
Cónsono con los principios de derecho esbozados, el foro apelado estaba plenamente facultado para decidir qué determinaciones del Comisionado podía aceptar y en el descargo de tal autoridad, fue que aceptó algunas recomendaciones de informe rendido. Por lo cual, el error no fue cometido.
*757 -B-
Como segundo error, se alega, que incidió el tribunal al determinar que el negocio, Cosas de Casas era un bien privativo de la señora Helga Marette Claudio.
Resolvemos que el error no fue cometido.
Reiteramos aquí la norma de deferencia, que los tribunales apelativos le deben a las determinaciones de hechos de los foros sentenciadores, antes discutida. Stokes v. Serrano Lecaroz y otros, supra, pág. 850.
La determinación de instancia en cuanto al carácter privativo del negocio Cosas de Casas, estuvo fundamentada con la prueba presentada ante el Comisionado. La señora Helga Marette Claudio, no tuvo negocio propio hasta después de su divorcio y éste inclusive no se mencionó en la contestación a la demanda, precisamente porque se inició a fines de abril de 1994, después de dictarse la sentencia de divorcio.
El tribunal de instancia, concluyó correctamente según el informe de Comisionado, que el vínculo matrimonial de los apelantes quedó disuelto el 6 de abril de 1994, al emitirse la primera sentencia de divorcio. A fines de abril de 1994, se emitió una sentencia enmendada por lo cual para esa fecha la señora Helga Marette Claudio, estaba divorciada y el negocio que precisamente en ese momento comenzaba era privativo, pues no existía vínculo matrimonial entre las partes.
Por lo, que concluimos que este error tampoco se cometió.
-C-
En relación al último error que, el tribunal de instancia incidió al determinar que el Comisionado se excedió en cuanto a las facultades que le fueron delegadas, resolvemos lo siguiente.
Existe una reiterada política judicial de nuestro más alto foro, de no hacer pronunciamientos sobre una controversia que no esté madura o lista para adjudicación. ELA v. Aguayo, 80 D.P.R. 552, 584 (1958); Arriaga Rivera v. FSE, opinión del 18 de marzo de 1998, 98 J.T.S. 28, pág. 689.
En cuanto a este error basta con señalar, que independientemente de que el Comisionado se excediera o no en sus facultades, el tribunal de instancia no ha hecho aún adjudicación alguna con relación a ciertos bienes y transacciones específicas que discute el Comisionado en su informe, por lo que cualquier pronunciamiento de nuestra parte, sería una intromisión indebida con una decisión que el foro de instancia aún no ha realizado. Además, como antes indicamos, la autoridad final de aceptar las recomendaciones del Comisionado recaen en el tribunal y no se ha demostrado que el hecho de que se rechazaran algunas partes del informe, que no eran parte de la encomienda, fuera arbitrario o contrario a derecho.
Por lo tanto concluimos, que el error no fue cometido.
IV
Por los fundamentos que anteceden, se confirma la sentencia parcial apelada, según sus términos y condiciones.
Lo acordó y manda el Tribunal y lo certifica la Secretaria General.
Aida Ileana Oquendo Graulau
Secretaria General