ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL X

| | | |
|---|---|---|
| MADELEINE CANDELARIO DEL MORAL<br><br>Recurrida<br><br><br>V.<br><br>DAVID EFRÓN<br><br>Peticionario | TA2026CE00281 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de San Juan<br><br>Caso Núm.:<br>K DI1999-1421<br><br>Sobre:<br><br>Divorcio |

Panel integrado por su presidenta, la Juez Grana Martínez, el Juez Ronda Del Toro y la Juez Lotti Rodríguez

**Ronda Del Toro, Juez Ponente**

## SENTENCIA

En San Juan, Puerto Rico, a 30 de marzo de 2026.

El peticionario David Efrón (señor Efrón o Peticionario) solicita la revisión de la *Resolución* que emitió el Tribunal de Primera Instancia, Sala de San Juan (TPI o foro primario) el 23 de octubre de 2025. Mediante el referido dictamen, el TPI ordenó la designación de un Comisionado Especial a los fines de identificar los bienes privativos del señor David Efrón.

Ambas partes solicitaron reconsideración. El 30 de enero de 2026, notificada el 5 de febrero de 2026, el foro primario emitió otra *Resolución* en reconsideración para modificar la orden a los fines de confirmar que el monto de la deuda era de $28,303,287.00 y recalcó que la designación del Comisionado era limitada a los bienes privativos, con el propósito de viabilizar la ejecución de la sentencia y el remedio provisional concedido, a manera de adelanto, hasta que se lleve a cabo la liquidación de la sociedad legal de bienes gananciales en el caso K AC2001-4173.

Decretó que el señor Efrón se encargaría del pago de los honorarios del Comisionado, por ser el administrador de la comunidad de bienes. Reiteró que las sumas serían asumidas por la comunidad de bienes con cargo a la participación que a ambos comuneros les corresponda una vez liquidada dicha comunidad.

Por los fundamentos que exponemos, expedimos el auto de *certiorari* y **Revocamos** la orden recurrida.

## I.

Este caso tiene un extenso trámite procesal. En lo aquí atinente las partes Madeleine Candelario del Moral y David Efron, casados bajo el régimen de Sociedad Legal de Gananciales, se divorciaron el 3 de mayo de 2001, según sentencia notificada el 4 de mayo de 2001. En esa misma fecha, y por separado, el TPI emitió otra Resolución disponiendo y ordenando, en lo aquí pertinente lo siguiente[1]:

> 1. Se fija la cantidad de **$50,000.00 mensuales** en concepto [de] disfrute de bienes y suma líquida que le permita alimentarse; la que pagará el demandado Efrón a la demandante Candelario. [...]

Entretanto, el señor Efrón presentó una demanda de liquidación de la sociedad legal de gananciales asignada al KAC 2001-4173.[2] Efrón reseñó en su recurso que, en el año 2006, en el caso de liquidación, las partes presentaron un inventario donde se listaron todos los bienes y la naturaleza de estos. Que, al día de hoy, Candelario no ha podido establecer -con excepción de la casa en la Florida- que existan otros bienes gananciales.[3]

Luego de otros incidentes, el 16 de febrero de 2006, este Tribunal de Apelaciones, en las causas consolidadas

---

[1] Tomamos conocimiento judicial de la causa KLCE0500605 cons. KLCE0500616.
[2] Certiorari, página 5, párrafo 9.
[3] Íd., página 6, párrafo 11.

KLCE20050605 y KLCE20050616, modificó una sentencia que emitió el foro primario el 28 de marzo de 2005, a los efectos de restituir la suma de **$50,000.00 mensuales como participación por concepto de disfrute de bienes gananciales de la señora Candelario**.

Más adelante, el 17 de abril de 2024, el foro primario emitió una *Resolución*[4]. En esta encontró a Efrón incurso en desacato por no haber realizado los pagos de $50,000 según ordenados por el Tribunal. Además, le impuso una sanción de $10,000 por cada mensualidad que, en adelante, deje de abonar, pagaderos a la señora Candelario. Determinó también que la deuda ascendía a $28,303,287 más intereses, a saber[5]:

> En cuanto a la deuda que reclama la Sra. Candelario del Moral, la misma asciende a $28,303,287 al 30 de abril de 2024. Esta cuantía es producto de la multiplicación de $50,000 por 274 por los meses que dicha cuantía se ha dejado de pagar, más intereses por sentencia a razón del 10.5% anual desde el año 2021, menos las partidas reconocidas por la demandante.[6]

El 30 de agosto de 2024 un panel de este Tribunal de Apelaciones, en la causa KLCE202400774, confirmó la antes mencionada determinación.

Al siguiente año, el 29 de abril de 2025, el foro primario notificó una orden para que el señor Efrón evidenciara el pago de los $50,000.00 por concepto de adelanto correspondiente al mes de abril, so pena de una sanción de $10,000.00.[7] En respuesta, el 19 de mayo de 2025, Efrón presentó una *Moción en Cumplimiento de Orden y Moción Informativa en Torno a Remedio*

---

[4] Tomamos conocimiento judicial de la Sentencia que emitió este Tribunal de Apelaciones, asignada al KLCE202400774. En esta, revisó y confirmó la Resolución que emitió el TPI el 17 de abril de 2024. Ver, además, *Certiorari*, Apéndice 2, Resolución pág. 18.
[5] Íd.
[6] Íd.
[7] Certiorari, apéndice 3, pág. 86.

*Solicitado en el caso KAC2001-4173*.[8]  En su escrito, Efrón alegó que Candelario le reclamó la adeuda en exceso de veintiocho (28) millones de dólares.  Explicó que, esta controversia no le corresponde a un tribunal de familia y que, a 26 años de decretado el divorcio, Candelario no ha podido establecer la existencia de bienes en común que no sea el hogar familiar.  Agregó que no contaba los ingresos para adelantarle a Candelario la suma de $50,000 mensuales.  Además, indicó que Candelario le embargaba el 25% de su salario y que imponer una multa adicional de $10,000 constituye un embargo indirecto en violación a la ley. Reiteró que el pago de anticipos depende de la masa común entre las partes, asunto que se está atendiendo en el caso KAC2001-4173.

Como resultado del escrito de Efrón y luego de tomar conocimiento de la Orden emitida el 29 de mayo de 2025 en el caso K AC2001-4173, el 9 de junio de 2025, el TPI emitió *Orden* a las partes para mostrar causa por la cual no debía "ordenarle al designado Comisionado Especial del caso que tiene subjudice la controversia de liquidación identificar de la sociedad legal de bienes gananciales de las partes de epígrafe (K AC2001-4173); identifique aquellos bienes que no forman parte del caudal ganancial, a los fines de viabilizar la ejecución efectiva de la sentencia en el caso ante nuestra consideración."[9]

El 10 de julio de 2025, varias entidades presentaron una *Moción en Cumplimiento de Orden* en la cual solicitaron que se limitaran las funciones del comisionado circunscribiéndolo al inventario, valoración y partición de bienes gananciales, sin extender su gestión a la identificación de bienes privativos con

---

[8] Íd.
[9] Certiorari, Apéndice 4, págs. 96-97.

fines de embargo.[10]  En la misma fecha, Law Offices David Efrón, P.C., presentó su postura en oposición.  En síntesis, solicitó que no se proceda con la orden del Comisionado Especial.[11]

Igualmente, el 10 de julio de 2025, Candelario presentó una *Moción en Cumplimiento […]*.  En este escrito, indicó que el TPI estaba impedido por mandato judicial a referir al Comisionado Especial nombrado en el caso de división de bienes.  Señaló que la jurisdicción y autoridad del TPI estaba estrictamente limitada a la Ejecución de la Sentencia.  Manifestó que tenía derecho a embargar los bienes privativos de Efrón.[12]

El 13 de agosto de 2025, Efrón interpuso una *Moción en torno a orden del 9 de junio[13]*.  En suma, le solicitó al foro primario que le ordenara a Candelario a establecer los bienes gananciales sobre los cuales fundamentó los anticipos y reclamos millonarios.

Para atender las antes mencionadas mociones, el 23 de octubre de 2025, el TPI dictó una *Resolución* para ordenar la designación de un Comisionado Especial, "a los fines de identificar los bienes de Efrón que no forman parte del caudal ganancial.  Lo anterior, con el propósito de viabilizar la ejecución efectiva de la sentencia en el caso ante nuestra consideración."[14]  El foro primario razonó que la naturaleza del pleito reviste un alto grado de complejidad y requería viabilizar el cumplimiento de las órdenes judiciales. Agregó que el comisionado que se nombrará será distinto al designado en el caso K AC2001-4173, correspondiente al procedimiento de liquidación de la sociedad de bienes gananciales.  Manifestó también que Efrón no estaba obligado a pagar solamente con bienes gananciales y que el

---

[10] Certiorari, Apéndice 4, págs. 98-110.
[11] Certiorari, Apéndice 4, págs.  111-129.
[12] Certiorari, Apéndice 5, págs. 130-144.
[13] Certiorari, Apéndice 5, págs. 145-147.
[14] Certiorari, apéndice 2, págs. 24-31.

embargo de los bienes privativos se determinó como una acción viable en el caso.[15]

Ese mismo día, el foro primario emitió la *Orden para Designar Comisionado Especial* para nombrar a al Lcdo. César T. Alcover para tal oficio. Entre las funciones a realizar se encuentran la de identificar los bienes del señor Efrón que no formaron parte del caudal ganancial a los fines de viabilizar la ejecución efectiva de la sentencia en el caso. Los honorarios del Comisionado serían por doscientos dólares ($200.00) la hora, a pagarse en igual proporción entre las partes. El fondo inicial sería de cinco mil ($5,000.00) pagadero en partes iguales entre las partes. El foro primario le otorgó al Comisionado ciento ochenta (180) días para completar la encomienda.

Insatisfechos, el 10 de noviembre de 2025, Candelario presentó una *Moción de reconsideración de resolución y de "orden para designar comisionado especial", ambas dictadas el 23 de octubre de 2025 y notificadas el 24 de octubre de 2025*. En esta solicitó que la encomienda al Comisionado incluya todo bien que pueda ser embargado, sea privativo o ganancial. Solicitó que se le ordenara a Efrón el pago de doscientos mil ($200,000.00) dólares correspondientes a sanciones acumuladas a veinte (20) mensualidades desde el mes de abril de 2024 hasta noviembre de 2025. Adujo que requirió también que los honorarios del Comisionado los pague totalmente Efrón con cargo a los fondos de la Sociedad Legal de Gananciales.

Igualmente, el 10 de noviembre de 2025, Efrón presentó su *Solicitud de Reconsideración y Oposición a designación de comisionado*. Solicitó que se deje sin efecto la designación del

---

[15] Hizo referencia a los casos KLRX2010-00246 y KLCE2007-01405.

Comisionado Especial para hacer descubrimiento y determinaciones sobre embargo de bienes privativos como adelanto a la participación ganancial. Indicó que la Regla 51.2 de Procedimiento Civil aplica a casos de cobro de dinero, mientras que el presente caso es sobre divorcio, por lo que, no aplicaba esa regla. Destacó que las funciones del Comisionado se circunscriben a descubrimiento de pruebas, tarea que le corresponde a las partes y no a un Comisionado especial. En la alternativa, solicitó que se consolide el caso con el de liquidación de bienes.

Ambas partes se opusieron a cada solicitud de reconsideración.

Para disponer las solicitudes de reconsideración, el 30 de enero de 2026, el foro primario emitió otra *Resolución*. En virtud de la Regla 41.1 de Procedimiento Civil, 32 LPRA Ap. V, decretó que procedía reconsiderar su orden previa para designar Comisionado Especial en cuanto a: (1) La corrección de las sumas debidas a Candelario por $28,303,287.00, según Resolución emitida el 17 de abril de 2024, confirmada mediante Sentencia del Tribunal de Apelaciones emitida el 30 de agosto de 2024, en la causa KLCE202400774, y (2) decretó que Efrón será el único encargado en sufragar los honorarios del Comisionado con cargo a la participación que a ambos comuneros le corresponda una vez liquidada la comunidad de bienes. El foro primario entendió meritorio el nombramiento de un Comisionado por:

> [L]a larga duración del pleito, el cual sobrepasa dos décadas, la cuantía significativa de este, que sobrepasa los $28,303,287.00, así como la intervención reiterada del Tribunal de Apelaciones que ha emitido más de diez (10) resoluciones y sentencias finales relacionadas con los reclamos de la parte peticionaria. Además, surge del expediente el involucramiento de varias entidades corporativas que, aunque no son partes en el pleito, se les ha notificado desde el 2015 requerimientos de embargo sobre: (1) acciones; (2) participaciones; (3) cuentas por cobrar;

(4) pagarés; (5) bienes inmuebles. (nota al calce omitida). Esto, conforme de una orden de ejecución de sentencia mediante la cual se ordenó a embargar a solicitud de Candelario lo anterior para así asegurar la sentencia dictada. Incluso, se enfatiza que, al presente pleito varias de estas entidades, específicamente Hegon Corporation, NORFE Bank Properties, S.E., NORFE Group, Corp., NORFE Krome Properties, Inc., NORFE Realty, Inc., Plaza Inmaculada, Inc., TTT Construction Corporation, Efrón Dorado, S.E., Metropol Development Corp. y Paseos de Dorado, Inc., han comparecido sin someterse a la jurisdicción del Tribunal a argumentar, entre otras cosas, que no procede el nombramiento del Comisionado para identificar los bienes privativos de Efrón. (citas al calce omitidas).[16]

Reiteró el foro primario que, "el propósito del nombramiento del Comisionado es que se identifique los bienes privativos de Efrón con el fin de viabilizar la ejecución efectiva de la sentencia." Agregó que sería una "medida necesaria para salvaguardar los intereses de ambas partes y asegurar la correcta administración de la justicia."[17] Así pues, el foro de instancia recalcó que "la Resolución y Orden limitó la designación del Comisionado a los bienes privativos, debido a que tiene el propósito de viabilizar la ejecución de la sentencia y **el remedio provisional concedido, a manera de adelanto**, hasta que se lleve a cabo la liquidación de la sociedad legal de bienes gananciales en el caso K AC2001-4173."[18] (Énfasis nuestro).

En desacuerdo, el 6 de marzo de 2026, Efrón presentó un recurso de *Certiorari* ante este foro apelativo, en el que alegó la comisión de los siguientes errores:

Primero: Erró en Tribunal de Primera Instancia al nombrar un Comisionado Especial en el presente caso por no configurarse los criterios establecidos en la Regla 41.2 de Procedimiento Civil.

Segundo: Erró el Tribunal de Instancia al imponer que Efrón satisfará los honorarios del Comisionado con

---

[16] Certiorari, apéndice 2, págs. 15-16.
[17] Íd, pág. 16.
[18] Certiorari, apéndice 2, pág. 19.

cargo a la comunidad de bienes, cuando el tribunal no ha determinado la cuantía del caudal ganancial.

El 25 de marzo de 2026 la señora Candelario presentó su *Oposición a petición de certiorari*. Evaluamos los escritos y disponemos.

## II.

### A.

El *certiorari* es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una decisión de un tribunal inferior. Allio v. Santiago Chardón, 2026 TSPR 13, 217 DPR ___ (2026); Rivera et al. v. Arcos Dorado et al., 212 DPR 194, 207 (2023); Torres González v. Zaragoza Meléndez, 211 DPR 821, 403 (2023); McNeil Healthcare v. Mun. Las Piedras I, 206 DPR 391, 403 (2021); 800 Ponce de León v. AIG, 205 DPR 163, 174 (2020); IG Builders et al. v. BBVAPR, 185 DPR 307, 337-338 (2012). La determinación de expedir o denegar un recurso de certiorari está enmarcada dentro de la discreción judicial. Allio v. Santiago Chardón, *supra*; 800 Ponce de León v. AIG, *supra*, pág. 174; IG Builders et al. v. BBVAPR, *supra*, págs. 337-338. El adecuado ejercicio de la discreción está "inexorable e indefectiblemente atado al concepto de la razonabilidad". García v. Asociación, 165 DPR 311, 321 (2005).

Al tratarse de una reclamación post-sentencia, relacionada a la ejecución de esta, nuestros oficios se encuentran enmarcados en el Reglamento del Tribunal de Apelaciones, 4 LPRA Ap. XXII-B que en su Regla 40 señala los criterios que debemos tomar en consideración al atender una solicitud de expedición de un auto de *certiorari*. Torres Martínez v. Torres Ghigliotty, 175 DPR 83, 97 (2008). La referida regla dispone lo siguiente:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.

B. Si la situación de hechos planteada es la más indicada para el análisis del problema.

C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.

D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.

E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.

F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

En el ámbito judicial, la discreción del tribunal revisor no debe abstraerse del resto del Derecho y, por lo tanto, es una forma de razonabilidad aplicada al discernimiento judicial para así llegar a una conclusión justiciera. 800 Ponce de León v. AIG, *supra;* Mun. Caguas v. JRO Construction, 201 DPR 703, 712 (2019); IG Builders et al. v. BBVAPR, *supra*, pág. 338.

Como regla general, los foros apelativos no intervendrán en la discreción de los foros primarios a no ser que las decisiones emitidas resulten arbitrarias o en un abuso de su discreción. Allio v. Santiago Chardón, *supra*; BPPR v. SLG Gómez-López, 213 DPR 314, 334-335 (2023). Específicamente, la discreción ha de ceder en las circunstancias en las que se configura: un craso abuso de discreción o que el tribunal actuó con prejuicio o parcialidad, o que se equivocó en la interpretación o aplicación de cualquier norma procesal o de derecho sustantivo, y que la intervención en esa

etapa evitaría un perjuicio sustancial a la parte afectada por su determinación. Íd.

**B.**

El comisionado especial es un funcionario designado por el tribunal y en quien éste delega determinados poderes para que formule ciertas determinaciones o conclusiones en un proceso. El propósito en la designación de un comisionado especial consiste en facilitar la labor judicial. Hernández Colón, R., *Derecho Procesal Civil*, 6ta. ed., LexisNexis, San Juan, P.R., 2017, págs. 398-399.

La figura del Comisionado Especial se rige por la Regla 41 de Procedimiento Civil, 34 LPRA Ap. V. Esta regla describe a cabalidad su nombramiento; compensación; las encomiendas que le puede otorgar un tribunal cuando lo designa; los poderes que acompañan tal designación; el proceso a llevarse cuando el tribunal le encomiende un asunto, y el informe que este debe realizar sobre todos los asuntos encomendados y que deberá entregar a la Secretaría del tribunal. Tous Rodríguez v. Sucn. Tous Oliver et al., 212 DPR 686, 704 (2023).

En particular, la Regla 41.1 dispone como sigue:

Nombramiento y compensación

El tribunal en el que esté pendiente un pleito o procedimiento podrá nombrar un comisionado o una comisionada especial en relación con dicho pleito o procedimiento. A los efectos de esta regla, la palabra comisionado o comisionada incluye un árbitro o árbitra, auditor o auditora y examinador o examinadora. El tribunal fijará los honorarios del comisionado o comisionada, y éstos se cargarán a la parte que el tribunal ordene, o podrán satisfacerse de cualquier fondo o propiedad involucrada en el pleito, que esté bajo la custodia y gobierno del tribunal, en la forma en que éste disponga. […]

A su vez, la Regla 41.2 de Procedimiento Civil, *supra*, indica:

El Tribunal Supremo y el Tribunal de Apelaciones podrán encomendar un asunto a un comisionado o

una comisionada en cualquier caso o procedimiento de jurisdicción original. **La encomienda de un asunto a un comisionado en el Tribunal de Primera Instancia será la excepción y no la regla**. No se encomendará el caso a un comisionado o una comisionada en ningún pleito, **salvo cuando estén involucradas cuestiones sobre cuentas y cómputos difíciles de daños o casos que involucren cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado**. No se nombrará un comisionado especial si una parte demuestra que el nombramiento ocasionaría una dilación innecesaria en los procedimientos o unos costos irrazonables. (Énfasis nuestro)

Regla 41.3. Poderes

La orden para encomendar un asunto a un comisionado o comisionada especificará con particularidad sus poderes y requerirá que informe sobre determinadas cuestiones litigiosas solamente, que haga determinados actos o que solamente reciba prueba y transmita el expediente de ésta, y fijará un término razonable dentro del cual el comisionado o la comisionada deberá presentar su informe. Sujeto a las especificaciones y limitaciones establecidas en la orden, el comisionado o la comisionada tendrá y ejercitará el poder de regular los procedimientos en toda vista celebrada ante él o ella, y de realizar cualquier acto y tomar cualquier medida que sea necesaria o adecuada para el cumplimiento eficiente de sus deberes bajo la orden. Podrá exigir que se produzca ante él o ella cualquier prueba sobre todos los asuntos comprendidos en la encomienda, incluso la producción de todos los libros, papeles, comprobantes, documentos y escritos pertinentes. Podrá decidir sobre la admisibilidad de prueba, a menos que se disponga otra cosa en la orden de encomienda, tendrá la facultad de juramentar personas testigos y examinarlas, de citar las partes en el pleito y de examinarlas bajo juramento. Cuando una parte así lo requiera, el comisionado o la comisionada hará un expediente de la prueba ofrecida y excluida del mismo modo y sujeto a las mismas limitaciones dispuestas en las Reglas de Evidencia.

Nótese que, conforme a las Reglas de Procedimiento Civil, la encomienda de un asunto a un comisionado en el Tribunal de Primera Instancia será la excepción y no la regla. No se encomendará el caso a un comisionado o una comisionada en ningún pleito, salvo cuando estén involucradas cuestiones sobre cuentas y cómputos difíciles de daños o casos que involucren

cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado. No se nombrará un comisionado especial si una parte demuestra que el nombramiento ocasionaría una dilación innecesaria en los procedimientos o unos costos irrazonables. Regla 41.2, *supra*; Tous Rodríguez v. Sucn. Tous Oliver et al., *supra*.

En Tous Rodríguez v. Sucn. Tous Oliver et al., *supra*, pág. 705, el Tribunal Supremo afirmó, en un pleito de una sucesión, que, "no procede la designación de un comisionado especial si este llevará acabo funciones análogas a las de un contador partidor ya existente."  Allí el foro supremo analizó que las atribuciones, prerrogativas y responsabilidades del contador partidor son casi idénticas a las que confiere la Regla 41 al comisionado especial. Ante ello, adujo que, "tal imbricación de funciones sólo duplicaría el procedimiento, haciéndolo innecesariamente complicado, largo y oneroso a las partes, todo ello en contravención a lo dispuesto por las Reglas 1 y 61 de las de Procedimiento Civil". Tous Rodríguez v. Sucn. Tous Oliver et al., *supra*, pág. 706; Batiz v. Tribunal Superior, 104 DPR 41, 49-50 (1975).

Conforme Regla 41.5 (a) de Procedimiento Civil, el comisionado, preparará un informe sobre todos los asuntos encomendados por la orden del tribunal, y si se le exige que haga determinaciones de hechos y conclusiones de derecho, las expondrá en el informe, el cual presentará en la Secretaría del tribunal en la fecha señalada en la orden según lo dispuesto en la Regla 41.3. A menos que de otro modo se disponga, acompañará una relación de los procedimientos, un resumen de la prueba y los exhibit originales.

Así, el Comisionado se considera como un funcionario designado por el tribunal y en quien éste delega determinados

poderes para que formule ciertas determinaciones o conclusiones en un proceso. El propósito en la designación de un comisionado especial consiste en facilitar la labor judicial. Hernández Colón, R., *Derecho Procesal Civil*, 6ta. ed., LexisNexis, San Juan, PR, 2017, págs. 398-399. El comisionado debe tener presente que él está para ayudar al tribunal; él no es el tribunal. Él rinde un informe; el juez es quien decide y dicta sentencia. Meléndez v. Levitt & Sons of P.R., 104 DPR 895, 904 (1976).

## III.

En el primer señalamiento de error, el señor Efrón alegó que no se justificaba la designación de un Comisionado y que la única función encomendada al Comisionado Especial es el descubrimiento de prueba sobre bienes privativos de este. Adujo que, el descubrimiento de prueba no requiere ningún conocimiento pericial o especializado que no tenga la Jueza que preside el caso. Señaló que el Comisionado, es abogado al igual que la Jueza y no tiene ningún conocimiento pericial o especializado que pueda ser de beneficio para el presente caso, lo cual dilatará los procedimientos en un caso de 27 años.

Evaluamos.

Como resultado de un proceso de divorcio en la causa K DI 1999-1421 (704), quedó pautado que el señor Efrón le pagaría la señora Candelario la suma de $50,000.00 mensuales como participación por concepto de disfrute de bienes gananciales. Más adelante, el 17 de abril de 2024, el foro primario determinó que Efrón no había realizado los pagos de $50,000.00 mensuales y calculó la deuda en $28,303,287.00 a abril de 2024.

Para el cobro de tal acreencia, el tribunal de primera instancia, entendió meritorio nombrar a un Comisionado Especial por un término no mayor de ciento ochenta (180) días para

identificar los bienes privativos. Esto, a los fines de viabilizar la ejecución de la sentencia, hasta que se lleve a cabo la liquidación de la sociedad de gananciales que se sigue en la causa K AC2001-4173. Este trámite es el que aquí se cuestiona.

El derecho establece que el nombramiento de un Comisionado Especial **es la excepción** y no la norma. Su designación en un pleito debe estar debidamente justificado. Al revisar los hechos que informa esta causa, determinamos que esa designación no procede.

Primero, la función de los Comisionados Especiales, en los casos que así lo amerite, es para asistir al tribunal en la preparación de un informe con determinaciones de hechos y conclusiones de derecho. Es decir, él está para ayudar al tribunal y el juez es quien decide y **dicta sentencia**.[19]

En este caso, el tribunal de primera instancia, desde el año 2001 decretó el divorcio y emitió una determinación en cuanto a los pagos que el señor Efrón le debía emitir a la señora Candelario como adelanto de su participación ganancial. Por tanto, ya existe una determinación sobre el asunto inicialmente encomendado al tribunal. Ahora, el caso se encuentra en la etapa de ejecución de sentencia y, en otra acción incoada en otra sala del tribunal, en la liquidación de la comunidad ganancial. Así que, en esta etapa post sentencia, no se justifica la presencia de un Comisionado Especial, ni la intervención de la sala de familia, ya que la liquidación de la comunidad se está dilucidando en otra sala.

Segundo e independiente a lo anterior, no se debe encomendar el caso a un comisionado en algún pleito, a menos que estén involucradas cuestiones sobre cuentas y cómputos

---

[19] Meléndez v. Levitt & Sons of P.R., 104 DPR 895, 904 (1976).

difíciles de daños o casos que involucren cuestiones sumamente técnicas o de un conocimiento pericial altamente especializado.

En este caso, no se cumple con este criterio, toda vez que ya existe una determinación de que la deuda pendiente de cobro eran los $28,303,287.00 abril de 2024, que se fueron acumulando de los $50,000.00 que Efrón le debía pagar a la señora Candelario como adelanto de la participación ganancial. Así que, aun cuando se trata de cuantiosas sumas de dinero, no estamos en el escenario de cómputos difíciles que requiera la pericia de algún especialista.

Además, para el cobro de las mensualidades debidas, según trasciende de la Resolución que aquí revisamos, el foro primario ya había emitido órdenes de embargo para asegurar la sentencia dictada. Por tanto, existen otros medios para el cobro de la acreencia.

Tercero, del expediente trasciende que ya existe un Comisionado Especial designado en la causa K AC2001-4173, a cargo de llevar a cabo la liquidación ganancial entre las mismas partes que aquí comparecen. Por consiguiente, nombrar a otro Comisionado, en la presente acción, conllevaría gastos adicionales contra la masa ganancial. Ello es así pues, el primario decretó, en la Resolución aquí recurrida que los honorarios del Comisionado que el señor Efrón pagaría serían **con cargo a la participación que a ambos comuneros le corresponda una vez liquidada la comunidad de bienes**. Siendo así, el gasto, a la larga, redundaría en detrimento a la liquidación ganancial que proceda en su día.

Además, de acarrear gastos adicionales, entendemos que la figura de un Comisionado Especial conlleva una duplicidad de

esfuerzos en los procesos que ya se realizan en la acción K AC2001-4173, sobre liquidación ganancial.

Según antes dicho, la cantidad de dinero aquí reclamada tiene su génesis en los $50,000.00 mensuales que Efrón le tenía que pagar a la señora Candelario como adelanto de su participación en la sociedad de gananciales. Asimismo, la Resolución aquí cuestionada, afirma que la designación del Comisionado a los bienes privativos, "tiene el propósito de viabilizar la ejecución de la sentencia y **el remedio provisional concedido, a manera de adelanto**, hasta que se lleve a cabo la liquidación de la sociedad legal de bienes gananciales en el caso K AC2001-4173."[20] Como vemos, a todas luces, el cobro aquí reclamado es el resultado de un remedio **provisional**, a manera de **adelanto**, hasta liquidar la extinta sociedad legal de gananciales. En consecuencia, la presente acción se entrelaza, y está sujeta, a la acción de liquidación de sociedad de gananciales asignada al K AC2001-4173, la cual está pendiente de dilucidar en otra sala del tribunal. Ante esta realidad, el acto de nombrar otro comisionado especial para identificar bienes privativos, cuando ya existe un Comisionado Especial en la acción de liquidación de gananciales, sólo duplicaría el esfuerzo, tornando el proceso en uno complicado, largo y oneroso, todo ello en contravención a lo dispuesto por las Reglas 1 y 61 de Procedimiento Civil.[21] En esas circunstancias, nos remitimos a la Regla 41.2 de Procedimiento Civil, *supra*, que estatuye que, no se debe nombrar un comisionado especial cuando el nombramiento pueda ocasionar una dilación innecesaria en los procedimientos o unos costos

---

[20] Certiorari, apéndice 2, pág. 19.
[21] Ver, Tous Rodríguez v. Sucn. Tous Oliver et, *supra*.

irrazonables. Para evitar mayores gastos y gestiones, en este caso no se justifica que se nombre otro Comisionado.

Por todo lo cual, luego de dar lectura a los asuntos planteados y a la Resolución recurrida, a la luz de los criterios expuestos en la Regla 40 de nuestro Reglamento, *supra*, concluimos que procede expedir el auto de *certiorari* y dejar sin efecto la Resolución para designar un Comisionado Especial*.* Este nombramiento no está justificado y constituyó un exceso en la discreción del foro primario.

**IV.**

Por las razones antes expresadas, expedimos el auto de certiorari y revocamos la Resolución aquí cuestionada.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones